**Opinion filed October 18, 2012**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-12-00277-CR**

_____

**ROCHELLE NICHOLE SIMON, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39969**

**M E M O R A N D U M   O P I N I O N**

Rochelle Nichole Simon has filed a notice of appeal from her conviction for possession of a controlled substance. Upon reviewing the file in this case, this court notified appellant by letter dated September 24, 2012, that the trial court had certified that appellant had no right of appeal and that appellant had waived her right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that appellant respond on or before October 2, 2012, and show grounds to continue the appeal. We also notified appellant that her notice of appeal was untimely, directed her to file a motion for extension of time in this court, and informed her that the appeal may be dismissed for

want of jurisdiction. Appellant has not responded or filed a motion for extension. We dismiss the appeal.

The papers on file in this court indicate that the sentence was imposed on August 16, 2012, and that the notice of appeal was filed on September 21, 2012. Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. The September 21, 2012 notice of appeal was filed thirty-six days after sentencing. We have received nothing indicating that the notice of appeal was timely filed. Furthermore, appellant did not file a motion for extension of time as directed in this court's letter and provided for in TEX. R. APP. P. 26.3. Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Moreover, the trial court's certification reflects that appellant has no right of appeal and also that she waived her right of appeal. Thus, even if appellant had timely perfected an appeal, her appeal would have been prohibited by Rule 25.2, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. Rule 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); s*ee Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

October 18, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.